N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CURTIS RAY FRISBY                                                                                    PLAINTIFF

vs.                                         Civil No. 1:10-cv-01047

MILBANK MANUFACTURING CO.                                                          DEFENDANT

## REPORT AND RECOMMENDATION
## OF A UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant, Milbank Manufacturing Co.'s, ("Milbank") Motion to Dismiss.  ECF No. 5.  Plaintiff has responded to Defendant's Motion.  ECF No. 10.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), United States District Judge Harry F. Barnes referred the Motion to the undersigned for decision.  On September 20th, 2010, the Court conducted a hearing on this motion.  The Court has reviewed the motion, responses, and arguments of counsel, and recommends Defendant Milbank's Motion to Dismiss (ECF. No. 5) be **GRANTED**.

**1. Background**

On June 30, 2010, Plaintiff filed the original complaint on behalf of the estate of Shirley Faye Frisby ("Frisby"), Deceased.  ECF No. 1.  It was alleged that Frisby was an employee of Milbank and died on July 12, 2006, during the course and scope of her employment, as a result of the failure to provide a safe place to work and negligence on the part of Milbank.  ECF No. 1.  Defendant Milbank requests Plaintiffs' case be dismissed because (A) Plaintiff's claim is barred by the statue of limitations, (B) pursuant to Federal Rule of Civil Procedure 12(b)(6) Plaintiffs failed to state a claim upon which relief can be granted, and (C) pursuant to Federal Rule of Civil Procedure 12(b)(1) the matter should be dismissed due to lack of subject matter jurisdiction.  ECF No. 5.  Plaintiff responded to this and requests that it be denied.  ECF No. 10.  This motion is currently before this

Court.

**2. Discussion**

Plaintiff, as special administrator of the estate of Frisby, brings this wrongful death action pursuant to Ark. Code. Ann. § 16-62-102.  Plaintiff alleges Frisby's death was as the result of negligence of Milbank in failing to provide a safe place to work.  ECF No. 1.  Frisby died on July 11, 2006.  ECF No. 1. Plaintiff's Complaint was filed on June 30, 2010.  ECF No. 1.

According to Ark. Code. Ann. § 16-62-102(c)(1), Plaintiff's action must be brought within three (3) years after the death of the person alleged to have been wrongfully killed.  However, pursuant to Ark. Code. Ann. § 16-62-102(c)(2) if a nonsuit is suffered, the action should be brought within one (1) year from the date of the nonsuit without regard to the date of death of the person alleged to have been wrongfully killed.

There is no dispute Plaintiff's action was not filed within three years of Frisby's death.  However, Plaintiff argues this matter was subject to a nonsuit based on the denial of the workers compensation claim and this suit was filed within one year of the denial of the workers compensation claim, thereby making it timely filed.  ECF No. 13, Pgs. 4-6.  Plaintiff's argument is without merit.

On November 12, 2009, a hearing was held on Frisby's claim before the Arkansas Workers Compensation Commission in El Dorado, Arkansas.  The hearing was held before Administrative Law Judge Mark Churchwell.  ECF No. 6-4.  Both Plaintiff and Milbank were represented by counsel at the hearing.  ECF No. 6-4.  On February 2, 2010, Judge Churchwell entered his opinion denying Frisby's workers compensation claim.  ECF No. 6-5.  Plaintiff would argue this opinion should be considered "a dismissal of the complaint on the defendant's motion" and that is the same as a nonsuit.  ECF No. 13, Pg. 5.  Plaintiff's suit was filed within one year Judge Chruchwell's opinion.

Plaintiff's attempt to classify Judge Chruchwell's opinion as a "dismissal of the complaint on the defendant's motion" is misplaced. Nor can the opinion be considered a nonsuit. Frisby's claim was presented, by way of hearing, to the Arkansas Workers Compensation Commission. Judge Chruchwell presided over the hearing where both Plaintiff and Milbank were represented by counsel. Testimony of witnesses and exhibits were entered into evidence during the course of the hearing. Following the hearing, Judge Chruchwell entered a fourteen (14) page opinion denying Frisby's claim for benefits. ECF No. 6-4. The opinion by Judge Chruchwell was a decision on the merits and not a dismissal by motion of a party or a nonsuit. The provisions of Ark. Code. Ann. § 16-62-102(c)(2) are not applicable to this matter. As a result, Plaintiff's claim is barred based on the failure to bring suit within the three (3) year statute of limitations.

**3. Conclusion**

Based upon the foregoing, this Court recommends that Defendant Milbank's Motion to Dismiss (ECF No. 5) be **GRANTED.** [1]

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 30th day of December, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[1] Because the Court finds Plaintiff's claim is barred by the statute of limitations, the Court does not reach the argument of whether Plaintiff can even bring a claim in tort against Milbank. Milbank argued with this motion that Plaintiff's sole and exclusive remedy for this matter was with the Arkansas Workers Compensation Commission as the incident giving rise to this suit occurred during the course and scope of Frisby's employment with Milbank.