IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CURTIS RAY FRISBY                                                                                          PLAINTIFF

V.                                              CASE NO. 10-CV-1047

MILBANK MANUFACTURING CO.                                                                DEFENDANT

## **ORDER**

Before the Court is the Report and Recommendation filed December 30, 2011, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 14). Judge Bryant recommends that Defendant's Motion to Dismiss (ECF No. 5) be granted. Plaintiff has responded with timely objections. (ECF No. 15). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

Plaintiff, as special administrator of the estate of Shirley Faye Frisby, brings this wrongful death action pursuant to Ark. Code Ann. §16-62-102. He alleges that Frisby's death was caused by Milbank's negligence in failing to provide a safe place to work for Shirley Frisby. Frisby died on July 11, 2006.

Plaintiff filed a workers' compensation claim related to Frisby's death and a hearing was held on November 12, 2009. On February 2, 2010, the administrative law judge entered his opinion finding that Frisby's claim was not compensable. Plaintiff filed his Complaint in this Court on June 30, 2010.

Ark. Code Ann. § 16-62-102(c)(1) requires wrongful death actions to be brought within three (3) years after the death of the person alleged to have been wrongfully killed. However, if a nonsuit

is suffered, the action should be brought within one (1) year from the date of the nonsuit. Ark. Code Ann. §16-62-102(c)(2). Judge Bryant found that Plaintiff's claim is barred based on his failure to bring the suit within the three-year statue of limitations.

Here, there is no dispute that the action was not filed within three years of Frisby's death. However, Plaintiff argues that the opinion from the administrative law judge dismissing Plaintiff's workers compensation claim on the merits is the same as a nonsuit and that he filed his complaint within one year of the opinion or "nonsuit." Thus, according to Plaintiff, his lawsuit is not barred. However, Plaintiff has not presented to the Court any authority to support his proposition that the opinion of an administrative law judge dismissing a workers compensation claim on the merits is considered to be the same as a nonsuit for purposes of Ark. Code Ann. § 16-62-102(c)(2).[1] The Court agrees with Judge Bryant that the opinion of the administrative law judge, which is a decision on the merits of the claim, is not the same as a nonsuit.

Plaintiff further argues that Judge Bryant failed to consider that the statute of limitations for a wrongful death action is tolled until the Workers' Compensation Commission determines whether the claim is compensable. In support of his argument, Plaintiff cites to *Int'l Paper Co. v. Clark Cnty. Circuit Court*, 289 S.W.3d 103 (2008) and *Johnson v. Bonds Fertilizer*, 226 S.W.2d 753 (2006). However, these cases do not stand for the proposition that the wrongful death action is tolled until the Workers' Compensation Commission determines the compensability of a claim. The Court is

---

[1] Plaintiff does cite to *Carton v. Mo. Pac. R.R.*, 747 S.W.2d 93 (1998) in support of his proposition. However, this case states that a trial court's dismissal of a complaint on defendant's motion for lack of subject matter jurisdiction is the same as a nonsuit. *Id*. at 94. In the present case, the administrative law judge's opinion was a decision on the merits and not a dismissal by motion of defendant. Thus, *Carton* is distinguishable from the present case. 747 S.W.2d 93.

not aware of any authority that stands for Plaintiff's proposition regarding the tolling of the statute of limitations while the Workers' Compensation is determining compensability.

The Court has conducted the required de novo review of the portions of the Report and Recommendation corresponding with all of Plaintiff's objections and finds that the objections are overruled.  For reasons stated herein and above, as well as those contained in the Report and Recommendation (ECF No. 14), Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED**.

**IT IS SO ORDERED**, this 31st day of March, 2011.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge